STATE v. JOHN W. WARNER AND ANOTHER.[1]

October 21, 1938.

No. 31,688.

[1]Reported in 281 N. W. 757.

*Martin O. Brandon,* for appellants.

*William S. Ervin,* Attorney General, *Roy C. Frank,* Assistant Attorney General, and *W. P. Berghuis,* County Attorney, for the State.

PER CURIAM.

Defendants were charged with petit larceny and found guilty by a jury in the district court of Otter Tail county. Their motions for a new trial were denied, sentence was passed, and they appeal from the judgments.

Although one of the grounds of the motion for a new trial was newly discovered evidence, the record does not indicate the existence of any such evidence, hence the only proposition that can be raised on this appeal is the sufficiency of the evidence to sustain the conviction. The record discloses that Cornelius Boogaard, the complainant, lost certain cream cans and cream contained therein, which he, on May 25, 1937, at ten p. m. placed in a cooler tank on the farm he operated and on which he resided, in Butler township, Otter Tail county. The next morning about five a. m. he found the tank opened and the cans with the cream gone. One can, apparently empty, was thrown in the stock watering tank near by. Footprints were seen near the tank, also on the road outside the yard inclosing the cooler tank, and a place where a can had been set down and some cream spilled. On the road were tire tracks. Boogaard followed these tire tracks in his own car until he concluded that they led into the farm occupied by defendant John W. Warner, then called the sheriff of the county, who examined the marks at the Boogaard farm and traced the tire marks into John W. Warner's home, where his auto was found attached to a trailer having tires

of the same pattern, according to the sheriff's judgment, as those he had traced from Boogaard's farm. He found defendants on a neighboring farm, brought them to the Boogaard farmyard, made them place their shoes in the tracks near the cooler tank, and took cement impressions of both the shoe tracks and the tire tracks. These were received in evidence, without objection, as well as a cast of the trailer tire, made by an expert tire salesman who testified in defendants' behalf. Defendants, in addition to a denial, testified to an alibi and were corroborated by John W. Warner's wife, her sister, and a neighbor. They also had the testimony of several neighbors as to their good reputation. In the memorandum attached to the order denying a new trial, the court said:

"The evidence on the part of the state connecting the defendants with the commission of the crime is weak, yet there is sufficient evidence in the case from which the jury could find that the defendants were guilty. The defendants have had the benefit of two trials, one in municipal court and one in the district court. Both juries have found the defendants guilty. In deciding these motions the court has only been concerned with the question of whether or not there was sufficient evidence to sustain a conviction, and from a careful consideration and scrutiny of the evidence I am satisfied that there is enough evidence in the case to sustain the verdict of guilty."

Defendants rely on State v. McLarne, 128 Minn. 163, 150 N. W. 787, and State v. Jacobson, 130 Minn. 347, 153 N. W. 845. Both were arson cases, and the *corpus delicti* was an essential element to be proved. Fires often start without being designedly set by anyone. In the instant case the larceny of the cream, the *corpus delicti,* appears conclusively established; but defendants' connection with the crime depends entirely upon circumstantial evidence. State v. Green, 153 Minn. 127, 189 N. W. 711, is cited by the state presenting a case where a crime was clearly proved, but Green's connection rested entirely on circumstantial evidence. Defendants rely on the reasoning in the dissenting opinion in the Green case; but it is to be noted that in the case at bar the sheriff was very

448

careful to fit the footwear of defendants into the footprints near the cooler tank, and in making a cast of such tracks as well as of the impression of the tire tracks. The absence of such evidence was a fact considered of moment by the dissenting justice in the Green case. We concur in the view expressed by the trial court in the memorandum quoted above.

The judgments are affirmed.